**Vincent A. SPARTA, Appellant,**

**v.**

**LAWRENCE WAREHOUSE COMPANY and Bank of America National Trust and Savings Association, Arthur B. Adams, Marion Harnwell and Robert Boyer.**

**No. 15850.**

United States Court of Appeals Third Circuit.

Argued Sept. 30, 1966.

Decided Oct. 17, 1966.

Joseph Edward Downs, New York City (Philip G. Mahler, Fort Lee, N. J., on the brief), Vincent Panetta, Englewood Cliffs, N. J., of counsel, for appellant.

William I. Riker, Newark, N. J. (Riker, Danzig, Scherer & Brown, Newark, N. J., on the brief), for appellees.

Before HASTIE, SMITH and SEITZ, Circuit Judges.

## OPINION OF THE COURT

**PER CURIAM:**

This is a diversity action by a former employee to establish an alleged right to receive benefits from a pension fund established by his former employer for its employees. On stipulated facts, the court below found that the plaintiff was not entitled to the benefit of certain revisions made in the pension plan after the termination of his employment.

The pension fund was created and maintained solely by employer contributions. Under its terms, as in effect when the plaintiff's employment ended, he was not entitled to a pension because he had not worked the prerequisite period of twenty years specified in the plan. A revision of the plan, made by the employer a few months after the termination of the plaintiff's employment, reduced the period of employment prerequisite to pension eligibility so that, if he had then been an employee, the plaintiff

would have been covered. The plaintiff contends that he was covered by force of a provision in the revision, adopted December 13, 1961, that the "effective date" of this amended scheme should be January 1, 1961. The plaintiff's employment had ended August 16, 1961.

The court below construed the entire amended scheme, including both the shortening of the period of employment prerequisite to participation and the provision for retroactive application of new benefits to the beginning of the current calendar year, as applicable only to those who were employees when the revision was adopted. The court based its conclusion primarily upon the concept that this type of pension plan is a benefit tendered by an employer only to those who are and shall continue in its service.

While recognizing the force of this argument, we give greater weight to the following provision of Article VII(5) of the plan that was in effect at the termination of the plaintiff's employment:

"(5) If for any cause whatsoever, other than death, the employment by the Company of a Participating Employee shall be terminated during the term of this Trust before the completion of twenty (20) years of service and prior to the said Participating Employee attaining the retirement age specified herein, then all interest of said Participating Employee in the Fund or in this Agreement, or the Trust embodied herein, shall thereupon cease and terminate, and the interest in said Fund credited to said Participating Employee shall thereupon be reallocated in accordance with Paragraph VI(i)."

The cited paragraph VI(i) provides a scheme under which the accrued interest of an employee in the pension plan is to be used to increase the interests of the remaining employees when his status as a participant in the plan shall terminate.

Thus, when the plaintiff ceased to be an employee in August, 1961, not only did his accrued contingent interest in the pension fund end, but also the accrued interests of the remaining employees were enlarged *pro tanto*. Indeed, the measure of the vested pension rights of any employee who retired shortly thereafter and before the December, 1961 amendment would necessarily be increased by taking into account the interest relinquished by the plaintiff. It would, in our view, be unreasonable to construe the general language of retroactivity in a subsequent amendment of the plan as depriving employees of whatever enlargement of pension rights and benefits had thus accrued to them by reason of the termination of the plaintiff's employment.

The judgment will be affirmed.